# GREGG COMPANY, LTD.,
### v.
# UTUADO SUGAR COMPANY.

---

San Juan, Equity, No. 898.

IN THE MATTER OF THE LEASE TO CARLOS CABRERA.

Receivership—Lease.

1. Where the court deems it proper to lease the receivership property on bids made, it has no right to change offers submitted except by consent.

Lease—Vague Item.

2. The matter of drawing a proposed lease will be referred to the master for an administrative report. It is his duty to make certain all vague details.

Opinion filed December 11, 1914.

*Mr. Chas. Hartzell* for certain creditors.

*Mr. Jorge Dominguez* for other creditors.

*Mr. Cayetano Coll y Cuchi* for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter comes on to be heard upon the bid of Carlos Cabrera and the bid of another party whose name I do not recall at present. It seems that the other bid, not that of Cabrera, does not conform to the order of court and so cannot be considered one way or the other. The question comes up whether the court shall direct the receiver to make the lease to Cabrera, in other words, accept Cabrera's offer or not.

1. In the first place, the lease would have to be made by the receiver. As I understand it, the receiver is still in office. A lease is a matter of administrative detail. Several objections are made to the offer of Cabrera and it is suggested that more should be paid for 100 pounds of sugar. The court does not feel authorized to make any change in the bid unless by consent. It must either accept it or decline it; it cannot undertake to make any change of that kind, and so as to any question of priority of claims. I understand that this is not urged, but it could not come up at this time anyhow.

2. A somewhat more difficult proposition is presented as to the duty of the lessee in the collection of old colono accounts. The proposed lessee offers to report within a certain time on the subject, and also to do all in his power to collect. The objection is made that this is vague and may not amount to any-

Gregg Co. v. Utuado Sugar Co.

thing. The court would not willingly do a vain thing, and it would like in the drawing of the lease to have that point made as definite as possible; but the whole matter presents itself in this way. Here is a piece of property in receivership in this court. It was operated by a receiver for several seasons back at a loss. Even the receivership debts have not been paid, and at present the property is standing with simply a watchman in charge, there being no operation of the property at all. The court for sufficient reasons offered to lease this property, and but one offer at all satisfactory has been made, that of a creditor. Another large creditor examined the matter and assents to the proposal of Mr. Cabrera as being a fair proposal; so that the proposition simply is, Shall this offer be accepted or shall the matter remain *in statu quo?* The season is far advanced and I do not think that I would be justified in leaving the matter open any longer. Therefore, the offer of Mr. Cabrera is approved in principle, and the details of making the lease are referred to the master, simply in an administrative capacity, not as a regular reference, and I will be glad if you gentlemen will act with him and draw the lease in what you think is a proper way, and I will be especially glad if Mr. Dominguez for the creditor Iglesias co-operates to see how far his views can be incorporated. It seems to me in principle that everything is protected by the bond, provided the terms of the lease are made definite and what the colono claims are.

I make the order accepting the bid of Mr. Cabrera in principle, and referring it to the master for an administrative report.